(592 P.2d 150)
No. 50,084

STATE OF KANSAS, *Appellant,* v. GERRY L. SKEEN, *Appellee.*

Opinion filed March 23, 1979.

*Sally Davis Pokorny,* Assistant District Attorney, *Gene M. Olander,* District Attorney, and *Curt T. Schneider,* Attorney General, for the appellant.

*Robert M. Brown,* of Topeka, for the appellee.

Before MEYER, P.J., ABBOTT and SPENCER, JJ.

*Per Curiam:* This is an appeal by the State from an order dismissing a complaint seeking to have defendant declared an habitual violator of the traffic laws of the State of Kansas, K.S.A. 8-284 *et seq.*

It is argued that, because of the nature of these proceedings, it was incumbent on the court to determine whether the convictions relied upon by the State were valid; and in order to establish validity, the State was required to make an affirmative showing that defendant had been represented by counsel at the times of his several trials or had knowingly, intelligently, and voluntarily waived his right to counsel at those times.

At the hearing, the State offered and the court received into evidence a copy of the "Topeka, Kansas Uniform Complaint and Notice to Appear" issued on the occasion of each of defendant's convictions. On the back of each is an abstract of the record of the municipal court showing the nature of the charge, the plea, and the final disposition. Such exhibits were supported by the testimony of the arresting officer in each instance. The records do not reflect whether defendant was represented by counsel, nor do

they indicate that he waived his right to counsel. Defendant was not imprisoned; however, in one instance, he was sentenced to jail and placed on probation.

The trial judge found in favor of defendant and reasoned that such was necessary in that the prior convictions were all for driving while under the influence of intoxicating liquor, an offense which carried with it a potential for imprisonment and/or a substantial fine. Furthermore, as a consequence of being declared an habitual violator, defendant was subject to incarceration if he thereafter was found driving in this state while his license was revoked, K.S.A. 8-287. In this latter eventuality, the conviction would be based in part upon the prior convictions at which the right to counsel had been abridged. So stating, the court found the prior convictions constitutionally invalid.

In arguing that such a showing is not required, the State relies on *Argersinger v. Hamlin,* 407 U.S. 25, 37, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972), in which it is said:

"[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

and on K.S.A. 12-4405 which provides for the appointment of counsel if the municipal judge has reason to believe that, if found guilty, the accused person might be deprived of his or her liberty. The construction to be given the *Argersinger* decision has been clarified by the United States Supreme Court in the case of *Scott v. Illinois* (No. 77-1177, filed March 5, 1979), wherein it is said:

"Although the intentions of the *Argersinger* Court are not unmistakably clear from its opinion, we conclude today that *Argersinger* did indeed delimit the constitutional right to appointed counsel in state criminal proceedings. Even were the matter *res nova,* we believe that the central premise of *Argersinger* - that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment - is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel."

It was there held:

"[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense."

As actual imprisonment was not a factor as a result of any of the three convictions on which these proceedings are based, it fol-

lows that the State was not required to make an affirmative showing that defendant had been represented by counsel in those proceedings or had knowingly, intelligently, and voluntarily waived that right.

Defendant challenges the sufficiency of the evidence to establish finality of the judgments rendered against him. He refers to the provisions of K.S.A. 8-286 which require that, whenever the files and records of the division shall disclose that the record of convictions of any person is such that the person is an habitual violator as prescribed by K.S.A. 1978 Supp. 8-285, the division shall forthwith certify a full and complete abstract of such person's record of convictions to the district or county attorney for proceedings to be commenced forthwith.

We do not fully comprehend why the State chose to ignore the relatively simple procedure outlined by K.S.A. 8-286. Had it done so, it would appear that much of the confusion and perhaps the expense occasioned by this appeal could have been avoided. However, this is not to say that the statutory procedure required of the division of vehicles is exclusive. The court is to make the determination of whether the convictions are such as to constitute the accused an habitual violator under the act; and when jurisdiction has attached, that determination may be based upon any competent evidence.

The files and records of the division are of necessity prepared from the records of the court as reported to the division, and it would be most illogical to assume that an abstract of the original court record of conviction is not even better evidence of the fact.

The record reveals that in two instances the convictions were based on pleas of *nolo contendere,* and the latest of the convictions was October 20, 1975. The complaint in this case was filed July 29, 1977, some twenty-one months later. Defendant does not challenge the accuracy of the three abstracts of court records, all of which are silent in regard to an appeal bond and none of which indicates that a notice of appeal had been filed within ten days after the date of the judgment as required by K.S.A. 22-3609. Defendant makes no contention that an appeal was in fact filed from any of the judgments of his convictions and, absent evidence of such, it may be assumed that the judgments are final.

The record in this case is sufficient to have made at least a prima

facie case against the accused as an habitual violator as that term is defined by K.S.A. 1978 Supp. 8-285.

Reversed and remanded for further appropriate proceedings.