(660 P.2d 578)

No. 54,345

STATE OF KANSAS, *Appellee,* v. ROBERT E. TOPPING, *Appellant.*

Opinion filed March 24, 1983.

*Robert D. Hecht,* of Scott, Quinlan & Hecht, of Topeka, for the appellant.

*Calvin K. Williams,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: Defendant Robert Topping appeals his adjudication as a habitual violator under K.S.A. 8-284 *et seq.*

A petition was filed November 10, 1981 in Osage County District Court alleging that defendant was a habitual violator as defined in K.S.A. 1980 Supp. 8-285. It reads as follows:

"As used in this act, the words and phrases defined in K.S.A. 8-234 shall have the meanings ascribed to them therein, and the term 'habitual violator' shall mean any resident or nonresident person who, within the immediately preceding five (5) years, has been convicted in this or any other state:

(*a*) Three (3) or more times of:

(1) Vehicular homicide, as defined by K.S.A. 21-3405 or as prohibited by any law of another state which is in substantial conformity with said statute;

(2) Driving while under the influence of intoxicating liquor or drugs, as prohibited by K.S.A. 1977 Supp. 8-1567, or as prohibited by an ordinance of any city in this state or by any law of another state, which ordinance or law declares to be unlawful the acts prohibited by said statute;

(3) Driving while the privilege to operate a motor vehicle on the public highways of this state has been canceled, suspended or revoked, as prohibited by K.S.A. 8-262 or as prohibited by any law of another state which is in substantial conformity with said statute;

(4) Perjury resulting from a violation of K.S.A. 8-261a or resulting from the violation of a law of another state which is in substantial conformity with said statute;

(5) Violating the provisions of the fifth clause of K.S.A. 1977 Supp. 8-142, relating to fraudulent applications, or violating the provisions of a law of another state which is in substantial conformity with said statute;

(6) Any crime punishable as a felony wherein a motor vehicle was used in the perpetration of such crime;

(7) Failing to stop at the scene of an accident and perform the duties required by K.S.A. 8-1602 to 8-1604, inclusive, or required by a law of another state which is in substantial conformity with said statutes;

(8) Violating the provisions of K.S.A. 1977 Supp. 40-3104, relating to motor vehicle liability insurance coverage after the effective date of this act; or

(*b*) Three (3) or more times, either singularly or in combination, of any of the offenses enumerated in subsection (*a*) of this section."

Since the pertinent provisions of the habitual violator provision are unchanged since 1980, future citations in this opinion shall be to the current law.

The process for adjudicating one a habitual violator is a civil proceeding (*State v. Boos,* 232 Kan. 864, 659 P.2d 224 [1983]) initiated when the records of the division of motor vehicles of the department of revenue indicate the defendant has three or more convictions for offenses set out in K.S.A. 8-285. An abstract of the defendant's record of convictions is then forwarded to the county attorney of his resident county pursuant to K.S.A. 8-286. Defendant's record in this case included the following offenses:

1) a March 8, 1978 conviction in Osage County for driving while under the influence of intoxicating liquors.

2) an October 12, 1978 conviction in Missouri for driving under the influence of intoxicating liquors.

3) an October 5, 1981 conviction in Shawnee County for driving under the influence of intoxicating liquor.

4) an October 12, 1981 "bail forfeiture" in Osage County for the charge of driving while his driver's license was suspended.

Defendant argued, and the State conceded, that the Shawnee County offense dated October 5, 1981, for driving under the influence of intoxicating liquor, was erroneously reported because the court files of Shawnee County clearly indicate that the DWI charge was reduced to reckless driving. Inasmuch as reckless driving is not one of the convictions listed in K.S.A. 8-285, that conviction could not be considered by the court in determining whether the defendant is a habitual violator.

K.S.A. 8-253(*c*) defines the term "conviction" to include any forfeiture of bail, bond or collateral deposited to secure defendant's appearance. Thus, the October 12, 1981, bail forfeiture was equivalent to a conviction for driving with a suspended license under K.S.A. 8-262. However, the citation for this offense, which is the record of the bail forfeiture, does not include a certification from the judge or clerk of the court attesting to the accuracy of the record as a true reflection of the court proceedings.

"Within ten (10) days after the conviction or forfeiture of bail . . . every . . . judge of the court or clerk of the court of record in which such conviction was had or bail or bond was forfeited shall prepare and immediately forward to the division an abstract of the record . . . *which abstract must be certified* by the person so required to prepare the same to be true and correct." [Emphasis added.] K.S.A. 8-2115(*b*).

Thus, defendant contends that in the absence of such a certification, this conviction may not be relied on for his adjudication as a habitual traffic offender regardless of its inclusion in the certified records of the motor vehicles division.

A similar issue arose in *Wilcox v. Billings*, 200 Kan. 654, 438 P.2d 108 (1968). At that time, K.S.A. 8-1001 (Corrick) required that any refusal to submit to a chemical test for determining blood alcohol content be reported by the arresting officer in a sworn report stating that prior to the arrest, the officer had reasonable grounds to believe that the person was driving under the influence of alcohol. In *Wilcox* the officer's report was not sworn and the Court reversed the administrative revocation of appellant's driving privilege. Initially, the Court held that the provision of K.S.A. 8-1001 (Corrick) requiring a sworn report was mandatory and not simply directory because a subsequent revocation decision could be based entirely upon the existence of the report. *Wilcox*, 200 Kan. at 658. The Court then concluded that it was essential to the validity of subsequent proceedings for suspension and revocation of a driver's license that this mandatory duty be performed. When the report of the refusal was not sworn, the Court held that subsequent proceedings were void. *Wilcox*, 200 Kan. at 659.

Like the statute considered in *Wilcox*, K.S.A. 8-2115 requires a certified record of events be forwarded to the state agency concerned with licensing drivers. This record then becomes part of a larger record which, along with proof of the identity of the defendant, is all the evidence necessary to support a finding that the defendant is a habitual violator. *State v. Boos*, 232 Kan. at 873-74. The certification by the division of vehicles that the abstract it forwards to the county attorney accurately reflects its records is of little value if one of the convictions making up that record has not been certified by the convicting court pursuant to K.S.A. 8-2115. Therefore, we are inclined to follow the *Wilcox* court and hold that the provisions of K.S.A. 8-2115(*b*) requiring that the abstract of conviction from the county to the division be

certified is mandatory. Accordingly, we conclude that a habitual violator proceeding under K.S.A. 8-284 *et seq.* cannot be based on a record of conviction which has not been certified by either the judge or clerk of the convicting court.

Having determined that the Shawnee County offense and the Osage County bail forfeiture could not be validly relied upon in this proceeding, only two convictions of record remain rather than the three or more convictions within the immediately preceding five years, as required by K.S.A. 8-285.

The judgment of the district court is reversed.