(680 P.2d 309)
No. 55,777

STATE OF KANSAS, *Appellee*, v. DAVID OEHM, *Appellant*.

Opinion filed April 26, 1984.

*Richard D. Coffelt,* of Martin & Coffelt, of Hays, for appellant.

*Willis K. Musick,* assistant county attorney, *Robert T. Stephan,* attorney general, and *Robert E. Diehl,* county attorney, for appellee.

Before PARKS, P.J., REES and SWINEHART, JJ.

REES, J.: Upon his conviction of driving while under the influence of alcohol (K.S.A. 1983 Supp. 8-1567[a]), defendant was sentenced as a second offender to 90 days' imprisonment and additional penalties (K.S.A. 1983 Supp. 8-1567[d]). The imprisonment portion of defendant's sentence was imposed by the trial court in compliance with the statutory mandate for second offenders. Defendant appeals from his sentence.

Insofar as here pertinent, K.S.A. 1983 Supp. 8-1567 provides:

"(a) No person shall operate any vehicle within this state while under the influence of alcohol.

. . . . .

"(c) Upon a first conviction of a violation of this section, a person shall be sentenced to not less than 48 hours' imprisonment or, at the discretion of the court, 100 hours of public service nor more than six months' imprisonment and fined not less than $200 nor more than $500. The person convicted shall not be eligible for release on probation or suspension or reduction of sentence until the minimum sentence has been satisfied. . . .

"(d) On a second conviction of a violation of this section, a person shall be sentenced to not less than 90 days' nor more than one year's imprisonment and fined not less than $500 nor more than $1,000. The person convicted shall not be eligible for release on probation or suspension of sentence until the minimum sentence has been satisfied, but the sentence may be reduced, but not to less than five days' imprisonment, if the convicted person enters into and completes a

treatment program for alcohol and drug abuse as provided in K.S.A. 8-1008 and amendments thereto. . . .

"(e) On the third or subsequent conviction of a violation of this section, a person shall be sentenced to not less than 90 days' nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500. The person convicted shall not be eligible for release on probation or suspension or reduction of sentence. . . .

. . . .

"(i) For the purpose of determining whether a conviction is a first, second or third or subsequent conviction for the purpose of sentencing under this section, the term 'conviction' includes . . . being convicted of a violation of . . . an ordinance of any municipality which prohibits the acts that this section prohibits . . . . For the purpose of this section, only convictions occurring in the immediately preceding five years, including prior to the effective date of this act, shall be taken into account.

. . . .

"(n) Nothing contained in this section shall be construed as preventing any city from enacting ordinances declaring acts prohibited or made unlawful by this act as unlawful or prohibited in such city and prescribing penalties for violation thereof, but the minimum penalty in any such ordinance shall not be less than nor exceed the minimum penalty prescribed by this act for the same violation, nor shall the maximum penalty in any such ordinance exceed the maximum penalty prescribed for the same violation."

Legislative enactment of K.S.A. 1983 Supp. 8-1567 created a crime under which a previous conviction of the same offense is not an element of the substantive crime but serves only to enhance punishment. The statute is a "self-contained habitual criminal act." *State v. Loudermilk,* 221 Kan. 157, 159-161, 557 P.2d 1229 (1976); *State v. Osoba,* 234 Kan. 443, 444, 672 P.2d 1098 (1983).

When defendant appeared before the trial judge for sentencing in this case on May 24, 1983, it was established that on June 25, 1980, defendant had been convicted in the Municipal Court of Salina, Kansas, for violation of that city's ordinance prohibiting driving while under the influence of alcohol (Salina Code, ch. 22, art. iv, sec. 22-67 [1] [Supp. No. 20]). The parties agreed and stipulated to the trial judge, and they agree and stipulate to us, that when defendant was arrested on the Salina charge on June 13, 1980, he "was indigent and unable to procure counsel of his own"; that at no time was he "advised by any person with the city of Salina, of his right to have counsel"; and "that on June 25th of 1980, [defendant] entered a plea of guilty" without assistance of counsel, was fined $150, had his driving privileges restricted and was required to attend meetings. Should there be

any question, it is plain from the record before us that the State implicitly if not explicitly concedes there was no waiver by defendant of any right to counsel in the Salina prosecution.

Our inspection of the City Ordinances of Salina, Kansas, discloses the authorized punishment for violation of the city's DUI ordinance was imprisonment or fine or both such imprisonment and fine. Salina Code, ch. 22, art. iv, sec. 22-67 (Supp. No. 10).

The essential and material facts for our consideration are these: In 1980, defendant was convicted of DUI. The date of the offense was June 13, 1980. He was not represented by a lawyer and he did not waive any right to counsel. Imprisonment was an included part of the authorized punishment but defendant was not sentenced to serve a term of imprisonment. Then in 1982, defendant was convicted of DUI. The date of the offense was November 13, 1982. The question is this: May defendant be sentenced as a second offender to serve an enhanced sentence including imprisonment?

The dispositional sentencing imposed in the case before us conforms with the language of K.S.A. 1983 Supp. 8-1567(d). The question for resolution is of constitutional nature, that is, whether a sentence of imprisonment may be imposed under an enhancement statute where the availability of enhanced sentencing is only because the defendant was convicted in a prior prosecution in which he neither had, nor waived any right to, assistance of counsel under the Sixth Amendment to the United States Constitution. Reference to three decisions of the United States Supreme Court provide the answer and direct our decision.

In *Argersinger v. Hamlin*, 407 U.S. 25, 37, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972), it was held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial." Whether counsel must be provided if imprisonment is an authorized punishment but is not actually imposed was an expressly reserved question. See *Baldasar v. Illinois*, 446 U.S. 222, 225, 64 L.Ed.2d 169, 100 S.Ct. 1585 (1980).

*Scott v. Illinois*, 440 U.S. 367, 369, 59 L.Ed.2d 383, 99 S.Ct. 1158 (1979), considered the question reserved in *Argersinger*. In *Scott*, the petitioner argued State provision of counsel is required whenever imprisonment is an authorized penalty. 440

U.S. at 368. The Court adopted actual imprisonment as the line defining the right to appointment of counsel in state criminal proceedings and held the Sixth Amendment right to assistance of counsel requires only that a defendant not be sentenced to a term of imprisonment where the State has not afforded him that right. 440 U.S. at 373-74.

Following *Arsinger* and *Scott* came *Baldasar v. Illinois,* 446 U.S. 222. Under Illinois law, misdemeanor theft was punishable by not more than a year of imprisonment and a fine. Upon a second conviction for the same offense an enhanced sentence of one to three years' imprisonment was authorized. Baldasar was convicted of misdemeanor theft in May, 1975. He was not represented by a lawyer and did not waive any right to counsel. He was fined and placed on one year's probation. Later in 1975, he was charged with another misdemeanor theft and convicted. Upon the State's presentation of evidence of the prior conviction, he was sentenced to one to three years' imprisonment. Baldasar argued that because he had not been represented by a lawyer in the first proceeding, the Sixth and Fourteenth Amendments prevented the imposition of the enhanced prison term as punishment for the second offense. The Supreme Court reversed with its reasoning set forth in separate concurring opinions. One such opinion simply found the prison sentence violated the constitutional rule of *Scott,* 446 U.S. at 224. The sum and substance of the decision is set forth in another concurring opinion where it is said, "a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." Adoption of a rule holding a conviction invalid for imposing a prisonment term directly but valid for imposing a prison term collaterally was rejected. 446 U.S. at 228-29.

*Baldasar* requires us to hold defendant's sentence to 90 days' imprisonment was constitutionally impermissible.

Three additional matters require comment. In *State v. Skeen,* 3 Kan. App. 2d 231, 592 P.2d 150 (1979), an action under K.S.A. 8-284 *et seq.* for declaration of the defendant as a habitual violator of Kansas traffic laws was reviewed. There it is said:

"As actual imprisonment was not a factor as a result of any of the three convictions on which these proceedings are based, it follows that the State was

not required to make an affirmative showing that defendant had been represented by counsel in those proceedings or had knowingly, intelligently, and voluntarily waived that right." 3 Kan. App. 2d at 232-233.

*Skeen* predates *Baldasar* and *Baldasar* requires that the *Skeen* language be treated cautiously and with close attention to the facts and issues there involved.

On the record before us, we need not and do not decide whether the State had the burden to establish the validity of the prior conviction in order to permit the trial court to impose an enhanced sentence under K.S.A. 1983 Supp. 8-1567(*d*).

K.S.A. 12-4405 provides for the appointment of counsel if a municipal judge has reason to believe that if found guilty, the accused might be deprived of his or her liberty and is not financially able to employ counsel.

The imprisonment portion of defendant's sentence is vacated. The case is remanded for appropriate resentencing of the defendant as a first offender under K.S.A. 1983 Supp. 8-1567(*c*).