(788 P.2d 1341)
No. 64,236

STATE OF KANSAS, *Appellee*, v. KELLY SHAFFER, *Appellant*.

Opinion filed March 23, 1990.

*Michael R. Hull*, of Henshall, Pennington & Brazil, of Chanute, for the appellant.

*Leo T. Gensweider*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., REES AND RULON, JJ.

ABBOTT, C.J.: This is a direct appeal by Kelly Shaffer from his adjudication as a habitual violator pursuant to K.S.A. 8-284 *et seq.*

Shaffer argues the trial court's failure to comply with the certification requirements of K.S.A. 1989 Supp. 8-2115(b) deprived the court of jurisdiction to commence this proceeding. The cited statute requires every judge or clerk of the court in which a traffic conviction was had to prepare and forward to the division

of motor vehicles a certified abstract of the record of the proceedings in which the defendant was convicted.

Shaffer relies on *State v. Topping*, 8 Kan. App. 2d 467, 660 P.2d 578 (1983), to support his argument. In *Topping*, the defendant was adjudicated a habitual violator by the district court. His record included three convictions for driving under the influence of alcohol and a "bail forfeiture" for the charge of driving while his driver's license was suspended. The State conceded one of the drunk driving charges was reduced to reckless driving, an offense not listed in K.S.A. 8-285. The record of the bail forfeiture offense did not include a certification from the judge or clerk of the court attesting to the accuracy of the record. The defendant argued that, in the absence of such certification, the State could not rely on the record for his adjudication as a habitual offender. This court held the provisions of 8-2115(b) requiring that the abstract of conviction from the county to the division be certified are mandatory. The bail forfeiture offense could, therefore, not be relied upon in the proceeding, and the habitual violator adjudication was reversed.

This case is distinguishable from *Topper*. *Topper* requires the records of the convictions to be certified when the habitual violator proceeding takes place according to the statutory procedure. The procedure for adjudicating a person a habitual violator is set forth in K.S.A. 8-286:

"Whenever the files and records of the division shall disclose that the record of convictions of any person is such that the person is an habitual violator, as prescribed by K.S.A. 8-285 the division forthwith shall certify a full and complete abstract of such person's record of convictions to the district or county attorney of the county where such person resides . . . . Upon receiving said abstract, the district or county attorney forthwith shall commence prosecution of such person in the district court of such county, alleging such person to be an habitual violator."

The State did not use the statutory procedure in this case. The prosecution did not introduce a certified abstract of Shaffer's three convictions from the division of motor vehicles. Instead, the trial court took judicial notice of Shaffer's previous convictions from its own records.

In *State v. Skeen*, 3 Kan. App. 2d 231, 592 P.2d 150 (1979), this court held the statutory procedure is not the exclusive

method of adjudicating a person to be a habitual violator. In *Skeen*, the State offered, and the court received into evidence, a copy of the complaint issued on each of the defendant's convictions. On the back of each was an abstract of the record of the municipal court showing the charge, the plea, and the final disposition. The defendant argued the provisions of K.S.A. 8-286 required the division of motor vehicles to certify a full and complete abstract of his record of convictions to the county attorney in order for proceedings to be commenced.

Although this court questioned why the State failed to utilize the procedure outlined in K.S.A. 8-286, it reversed the lower court's dismissal of the complaint. 3 Kan. App. 2d at 233. *Skeen* holds that, although the statutory procedure is the preferred method, it is not the exclusive method of adjudicating a person a habitual violator. When the statutory procedure is not used, the *Skeen* court stated: "The court is to make the determination of whether the convictions are such as to constitute the accused an habitual violator under the act; and when jurisdiction has attached, that determination may be based upon any competent evidence." 3 Kan. App. 2d at 233.

The competent evidence in this case is the trial court's own records. See *Smith v. State*, 199 Kan. 293, 295, 429 P.2d 103 (1967). The State's failure to follow the statutory procedure does not mandate reversal.

Shaffer further argues a nolo contendere plea to the offense of driving while suspended cannot be used as one of the three convictions required to adjudicate a person a habitual violator.

K.S.A. 22-3209(2) provides:

"A plea of *nolo contendere* is a formal declaration that the defendant does not contest the charge. When a plea of *nolo contendere* is accepted by the court, a finding of guilty may be adjudged thereon. The plea cannot be used against the defendant as an admission in any other action based on the same act."

In *State v. Holmes*, 222 Kan. 212, 563 P.2d 480 (1977), the Kansas Supreme Court analyzed the effect of a plea of nolo contendere. In *Holmes*, the defendant entered a plea of nolo contendere to the offense of attempted aggravated robbery. Following the acceptance of the plea but prior to sentencing, the defendant was charged with involuntary manslaughter and unlawful posses-

sion of a firearm. The issue on appeal was whether the defendant had the status of a convicted felon when he possessed the firearm. The court held that under K.S.A. 22-3209(2), "when a court accepts a tendered plea of *nolo contendere* and adjudges a finding of guilt thereon, the defendant at that point has been convicted of the offense covered by the plea of *nolo contendere.*" 222 Kan. at 214.

Shaffer, therefore, stood convicted when his plea of nolo contendere was accepted. K.S.A. 1989 Supp. 8-253(c).

Shaffer argues the fact that "conviction" is defined in K.S.A. 1989 Supp. 8-285(b) to include a nolo contendere plea to the offenses specified in 8-285(a)(2), when coupled with the fact that 8-285 is silent as to the effect of a nolo contendere plea to the enumerated offenses in 8-285 other than 8-285(a)(2), indicates a legislative intent not to allow a court to use a nolo contendere plea to a charge of driving while suspended as a conviction in habitual violator proceedings.

This argument is refuted by the logic of *State v. Holmes.* A person who pleads nolo contendere has been convicted of the offense. Furthermore, under Shaffer's argument, a person who pleaded nolo contendere to twenty offenses under K.S.A. 1989 Supp. 8-285(a), other than K.S.A. 1989 Supp. 8-285(a)(2), could not be adjudicated a habitual violator. Such a result would contravene the legislature's intention. See *In re Olander*, 213 Kan. 282, 285, 515 P.2d 1211 (1973) (Latin maxim *expressio unius est exclusio alterius* should not be applied to defeat a clearly contrary legislative intention).

Affirmed.