NOT DESIGNATED FOR PUBLICATION

No. 122,419

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER ALAN RICKELS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed February 5, 2021. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: Tyler Alan Rickels asks us to overturn the district court's revocation of his probation and remand the case for a hearing. Rickels had committed a new crime and when that case was set for sentencing, the court also took up the question of Rickels' probation revocation. In Rickels' view, he was entitled to a separate hearing on his probation.

1

In 2018, Rickels pled guilty to aggravated robbery he committed in 2017 in Wyandotte County. The district court sentenced him to a 120-month prison sentence with 36 months' probation.

In 2019, the State moved to revoke Rickels' probation alleging he failed to:

- obey the law—he was charged with fleeing or attempting to elude;
- report as directed;
- submit UA samples;
- gain or maintain employment; and
- register as an offender.

We focus on the first point:  obeying the law.

Later, Rickels pled no contest to one count of felony interference with a law enforcement officer. Rickels agreed with the factual basis for the conviction provided by the State. The court then found him guilty. As part of a plea agreement, the State agreed to dismiss its other charge of fleeing or eluding a police officer. The parties agreed they would argue disposition for both cases at the time of sentencing.

At a combined hearing, the district court took up both the sentencing for Rickels' new crime and the probation violation. The court asked for the State's recommendation for both cases. The State addressed both cases in one argument. The State recommended the court revoke Rickels' probation in the 2018 conviction and impose the original sentence because Rickels had "picked up another case." The State then asked the court to sentence Rickels to the midrange presumptive prison sentence in the 2019 case. The State noted that Rickels' new crime was dangerous:

"I looked at the affidavit in this case and that—you know, if there was an aggravated stupidity crime in this State, the defendant would be the poster child for it. You're on

2

probation, you have limits on what you can do and the police go to stop you for a—for a violation and you—and you decide you're going to take them on a tour—a tour of town up and down I-635. It doesn't make sense. It's also dangerous. You can't have—that's how people—innocent people get hurt and get killed."

Defense counsel told the court that Rickels had been drinking and failing to take his medications when he committed this new crime. "He's been drinking for a long time and he drinks to the point where he could almost blackout. He was drinking on the day that this flee and elude became a plea to an interference with law enforcement occurred." Defense counsel asked for a departure to probation on the 2019 case so that Rickels could get treatment and then stated, "I'm going to be asking for him to be reinstated on the case that we haven't gotten to yet with regard to disposition [probation violation]."

The court noted that when Rickels committed the 2017 crime, he was on probation for aggravated battery and his presumptive sentence was prison, but he was given a departure sentence. The court found that Rickels' 2019 crime was extremely dangerous, and the court would send Rickels to prison for the safety of the community. The court then gave Rickels' attorney another chance to make further comment on the probation violation, stating that it was taking "all of it up."

The court advised Rickels that it was finding he had violated his probation because he had pled to a new felony and asked if he wanted to be heard on the revocation. The court again stated it was taking up both cases at the same time. At that point, the court sentenced Rickels to 15 months in prison. And then the court found Rickels violated the conditions of his probation and ordered him to serve his original sentence.

Rickels' counsel asked if the court was finding that Rickels violated his probation specifically because of the new crime, stating that Rickels was not stipulating to violating his probation. The district court responded that a stipulation was unnecessary because

Rickels pled to a new crime. The court stated, "I can find that on my own. So, yes." Rickels' counsel asked for Rickels to be reinstated on probation and either serve a sanction or modify his sentence. The court responded that it had found Rickels was a danger to the community and a sanction would be unhelpful.

The journal entry of the probation violation hearing included the other alleged probation violations as well as the new conviction.

Rickels contends for the first time on appeal that:

- The district court violated his right to due process when the court did not hold a separate evidentiary hearing to determine whether he had violated the conditions of his probation;

- the State was not held to its burden of proving the alleged probation violations and he was not afforded a chance to cross-examine adverse witnesses or present evidence in his defense;

- the court's finding that he violated his probation was not supported by sufficient evidence;

- the court was prohibited under K.S.A. 22-3209(2) from using his no contest plea as an admission to the crime; and

- the no contest plea could not establish that he violated the conditions of his probation.

Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). But this issue may be considered since it involves only a question of law on proved or admitted facts and is finally determinative of the case. This is an exception to the general rule. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

4

Based on our review of the record, we hold that Rickels was not denied due process.

Once a defendant has been granted probation, he or she acquires a conditional liberty interest which is subject to substantive and procedural due process limits on its revocation. The minimum constitutional due process rights possessed by a probationer include:

- written notice of the claimed violations of probation;

- disclosure to the probationer of the evidence against him or her;

- the opportunity to be heard in person and to present evidence and witnesses;

- the right to the assistance of counsel;

- the right to confront and cross-examine adverse witnesses;

- a neutral and detached hearing body; and

- a written statement by the fact-finder of the evidence relied on and the reasons for revoking probation.

*State v. Hurley*, 303 Kan. 575, Syl. ¶¶ 2-3, 363 P.3d 1095 (2016).

The protections provided under K.S.A. 2019 Supp. 22-3716 satisfy all of the constitutional due process requirements. *Hurley*, 303 Kan. 575, Syl. ¶ 3.

Unless waived, K.S.A. 2019 Supp. 22-3716(b)(2) requires a hearing on the probation violation charged when the defendant can present testimony or other evidence:

"(2) Unless the defendant, after being apprised of the right to a hearing by the supervising court services or community correctional services officer, waives such hearing, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. The hearing shall be in open court and the state shall have the burden of establishing the violation. The defendant shall have the right to be represented

5

by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant. The defendant shall have the right to present the testimony of witnesses and other evidence on the defendant's behalf. Relevant written statements made under oath may be admitted and considered by the court along with other evidence presented at the hearing."

"When reviewing whether a district court complied with due process requirements in revoking a defendant's probation, an appellate court employs an unlimited standard of review." *Hurley*, 303 Kan. 575, Syl. ¶ 1.

Rickels received all of the process that was due. He was given written notice that he violated his probation by failing to obey the law when he was charged with fleeing or attempting to elude with five or more moving violations. He was advised as early as his plea hearing in his 2019 case that the probation violation in his 2017 case would be taken up at the same hearing as his sentencing. He did not ask for the hearings to be severed.

At the plea hearing, he agreed to plead no contest to interference with a law enforcement officer in exchange for the State dismissing the fleeing and eluding charge. Rickels' attorney noted that he and Rickels had discussed the probation revocation motion. The parties agreed they could argue disposition of the probation violation at the time of sentencing. Rickels agreed with the factual basis the State provided for the plea. The court found Rickels guilty of interference with a law enforcement officer—a felony.

At the combined sentencing and probation revocation hearing a month later, that same judge sentenced Rickels to prison for the new felony and then found Rickels had violated his probation by committing the new felony. The court explained several times that it was taking up both matters at the same time and gave Rickels many opportunities to address the probation violation. Rickels chose not to present any witnesses or other evidence. He did not ask for a separate hearing to address the probation violation. Rickels did not dispute that he had committed the new crime. Rather, he asked for leniency

because he had been drunk and had not been taking his medication when he committed the new crime. Rickels was represented by counsel at each hearing. There was no due process violation.

The probation violation was established by a preponderance of the evidence. There are two distinct stages of a probation revocation proceeding:

- a factual question whether the probationer has violated a condition of probation; and
- a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation.

*State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018).

The issue here is the first stage—whether a probation violation was established. Commission of the violation must be established by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

A probationer need not admit to committing a new crime for the district court to find that he committed the crime to revoke his probation. When the court accepts a plea of no contest to a crime, the accused stands convicted of that crime. *State v. Shaffer*, 14 Kan. App. 2d 282, 285, 788 P.2d 1341 (1990). A conviction of an offense is sufficient evidence that the offender has committed that crime. Rickels stood convicted of the new crime, and the court had just sentenced him to prison for committing it. The same judge handled both matters. The fact of the conviction was sufficient evidence that Rickels had committed a new crime—a violation of his probation terms.

Rickels is correct that the other probation violations (failure to report, submit UA samples, gain employment, or register as an offender) were not proved or found at the

revocation hearing and should not have been included on the journal entry of revocation. But the fact of the new conviction was enough to warrant revocation of his probation.

Affirmed.