No. 58,945

STATE OF KANSAS, *Appellant*, v. CAROL A. PRIEST, *Appellee.*

(722 P.2d 576)

Opinion filed July 18, 1986.

*Arthur R. Weiss,* assistant district attorney, argued the cause, and *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Joel W. Meinecke,* of Topeka, argued the cause and adopted the brief of appellant.

The opinion of the court was delivered by

LOCKETT, J.: Defendant Carol Priest, who had completed one DUI diversion program and pled nolo contendere to a second DUI charge, was sentenced as a first-time DUI offender because the record of the prior diversion agreement failed to show that she had been advised of her right to legal counsel or that she had given a valid waiver of that right. The State appeals the sentencing pursuant to K.S.A. 22-3602(b)(3).

On October 19, 1983, the defendant, Carol A. Priest, entered a diversion program with the City of Topeka in lieu of further criminal proceedings on a charge of driving under the influence. At that time, Priest did not have an attorney, and there is no indication in the record that she waived her right to an attorney when entering into the diversion agreement.

Priest was arrested on a second DUI charge in September 1985. In November, with the advice and assistance of counsel, Priest pled no contest in Shawnee County District Court to the DUI charge.

Although the presentence evaluation report indicated that Priest had previously entered into a diversion program, that record was silent as to whether she had been represented by counsel or had waived her right to an attorney. In December, the district court sentenced Priest as a first-time DUI offender. The court held Priest could not be sentenced as a second-time DUI offender, absent a showing of either advice of legal counsel or waiver of the right to an attorney prior to entering into the 1983 diversion agreement. The State reserved that question and filed this appeal.

K.S.A. 1985 Supp. 8-1567(e) and (f) provide for an enhanced penalty for second and subsequent convictions for DUI. K.S.A. 1985 Supp. 8-1567(j), which defines convictions, permits only convictions which have occurred within the preceding five years to be used to enhance the penalty. Under the statute, the date at which the conviction accrues is the date on which the defendant enters the diversion agreement. Entering into and successfully completing a diversion agreement in lieu of criminal proceedings for DUI counts as a conviction.

To obtain the benefit of diversion, K.S.A. 1985 Supp. 22-2909 requires the individual charged with DUI to enter into a contract with the prosecutor waiving all rights under the law or the constitution of Kansas or of the United States to a speedy arraignment, preliminary examinations and hearings, a speedy trial, and the right to a jury trial. The defendant and the prosecutor must stipulate to the facts which form the basis of the charge. If criminal proceedings are resumed, the defendant is bound by the contract to be tried on the stipulated facts by a judge.

Chapter 7 (Diversion) in the 1986 revision of the Kansas Municipal Court Manual contains an excellent discussion of the procedure for municipal courts to follow when diversion is appropriate. § 7.06 (Right to Counsel) suggests that in all diversion agreements the defendant be represented by counsel or sign a waiver of the right to counsel. If the individual is indigent and does not waive that right, counsel must then be appointed to represent the defendant prior to entering into a diversion agreement.

The State argues that diversion is a suspension of the prosecution and, therefore, the defendant never enters the critical

stage in the prosecution where he is entitled to legal counsel. It contends that where a defendant, without advice of counsel or absent a waiver of counsel, enters into and successfully completes the diversion agreement, no constitutional rights are violated and that diversion may be counted as a conviction to enhance the sentencing.

The constitutionality of the diversion agreement was discussed in *State v. Clevenger,* 235 Kan. 864, 683 P.2d 1272 (1984). Clevenger was charged with DUI and entered into a diversion agreement which he violated. Tried on the stipulated facts of the diversion agreement, he was found guilty. Clevenger claimed that his sentencing under K.S.A. 1983 Supp. 8-1567 was a violation of an individual's constitutional right to due process since his guilt or innocence was not adjudicated prior to entering into the diversion agreement. We did not agree. A defendant's decision to enter the diversionary program is voluntary. The defendant may choose to go to trial, rather than to accept diversion. The trial phase guarantees all constitutional rights. Therefore, Clevenger voluntarily accepted diversion, with knowledge that he was waiving his due process rights, and with knowledge that the diversion would be considered a conviction if he was ever convicted and sentenced again. *Clevenger* emphasized that a defendant must make a knowing waiver of his due process rights when he chooses to go with a diversion agreement rather than to continue with prosecution.

Almost all jurisdictions have held that where the record of a defendant's conviction on its face raises a presumption that the defendant was not represented by counsel, such a conviction cannot be used to enhance punishment under a habitual offender statute until that presumption is overcome. This insures that an individual's Sixth Amendment right to counsel is protected.

In *State v. Oehm,* 9 Kan. App. 2d 399, 680 P.2d 309 (1984), the defendant was convicted of driving while under the influence of alcohol and sentenced as a second offender to 90 days' imprisonment in compliance with the statutory mandate for second offenders. He appealed the sentence. The record showed that Oehm had previously been convicted of DUI, but at the trial he was not represented by a lawyer and he did not waive any right to counsel. The Court of Appeals discussed the following three United States Supreme Court cases in reaching its decision:

*Argersinger v. Hamlin,* 407 U.S. 25, 37, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972); *Baldasar v. Illinois,* 446 U.S. 222, 225, 64 L. Ed. 2d 169, 100 S. Ct. 1585 (1980); *Scott v. Illinois,* 440 U.S. 367, 369, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979). The Court of Appeals concluded that the defendant could not be sentenced as a second offender.

Here, the question is if the prosecution is using a prior diversion agreement that was successfully completed to enhance the penalty of a subsequent DUI conviction, must the record of the diversion agreement indicate that the defendant was represented by counsel or have made a knowing waiver of the right to counsel?

The State argues that since diversion occurs before prosecution, it does not take place at a critical stage and, therefore, counsel is not required; since a diversion agreement is a contract, not a trial, the individual may, without the advice of counsel, contract away certain guaranteed rights. The State implies that it is the form of the proceeding that determines whether an individual is entitled to the assistance of counsel.

K.S.A. 1985 Supp. 8-1567(j)(1) defines "conviction" to include a diversion agreement. The legislature intended that the withholding of adjudication of a DUI charge should be treated as a judgment of conviction for purposes of subsequent punishment.

A successfully completed DUI diversion agreement has the same effect as a conviction for DUI when a sentence is enhanced. Had Priest realized that the successfully completed diversion agreement would result in enhancement of sentence after a subsequent conviction, she might have considered going to trial rather than agreeing to a diversion agreement.

The prosecution's argument that a diversion agreement occurs before prosecution and, therefore, is not a critical stage is incorrect. To adopt such a position is to have an obsessive solicitude for the technical administration of justice and an utter lack of concern for the constitutional rights of the individual. In addition, the State ignores that under Kansas statutes, prosecution commences when a complaint is filed with a magistrate. K.S.A. 22-2301. An individual cannot enter into a DUI diversion agreement until that individual has been charged by the filing of a complaint. After a complaint has been filed and the defendant

has been arrested, a critical stage of the prosecution has been reached.

It is held that, prior to entering into a diversion agreement, individuals charged with DUI must be given the opportunity to make a knowing waiver of their constitutional right to assistance of counsel. Where the defendant is without assistance of counsel and has not waived the right to assistance of counsel, the State cannot have the benefit of an uncounseled diversion agreement to enhance the sentence for a subsequent DUI conviction. The judge correctly determined that a sentence of imprisonment for DUI conviction may not be enhanced under K.S.A. 1985 Supp. 8-1567 where the record of the prior diversion agreement is silent as to whether the defendant either had or waived the right to assistance of counsel under the Sixth Amendment of the United States Constitution.

The State's appeal is dismissed.