(775 P.2d 679)

No. 62,401

STATE OF KANSAS, *Appellee*, v. DAVID J. WEBER, *Appellant*.

Opinion filed June 16, 1989.

*Paul Bassett*, legal intern, Kansas Appellate Practice Clinic, of Lawrence, *Steven R. Zinn*, deputy appellate defender, of Topeka, and *Jessica R. Kunen*, chief appellate defender, of Topeka, for appellant.

*Mona Furst*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LEWIS, P.J., DAVIS and GERNON, JJ.

GERNON, J.: David J. Weber appeals his conviction for driving while adjudicated a habitual violator pursuant to K.S.A. 8-287.

Weber raises the issue of whether a person adjudicated a habitual violator can be imprisoned for violating K.S.A. 8-287 when his classification as a habitual violator was based, in part, on an uncounseled misdemeanor conviction.

David Weber was convicted in 1985 of driving while his driving privileges were suspended. Weber was convicted in November of 1986 of driving with a suspended driver's license on two different occasions.

Weber was declared a habitual violator in April of 1987 on the

basis of three driving convictions. At that time his driving privileges were revoked for three years.

One month later, Weber was stopped while driving in Sedgwick County, Kansas. He was arrested for driving with a revoked license, for driving under the influence, and for possession of marijuana.

A complaint was filed in Sedgwick county charging him with operating a motor vehicle while a habitual violator, driving under the influence, and possession of marijuana. Weber was found guilty by a jury of all three counts, and the trial court sentenced him to a term of one to five years for operating a motor vehicle while a habitual violator and to a term of six months, with a $500.00 fine, for the remaining two counts. Weber was placed on probation.

Weber subsequently filed motions for judgment of acquittal and for a new trial, alleging in part that, in one of the convictions which formed the basis for his adjudication as a habitual violator, he did not have the benefit of counsel nor did he waive his right to counsel. Weber appeals from the court's denial of his motions for acquittal and a new trial.

Weber asserts that his conviction under K.S.A. 8-287 violated his Sixth Amendment right to counsel because the previous determination that he was a habitual violator was predicated upon a conviction in which he was not represented by counsel.

K.S.A. 8-287 states:

"It shall be unlawful for any person to operate any motor vehicle in this state while any court order declaring such person to be an habitual violator and prohibiting such operation remains in effect. Any person found to be an habitual violator under the provisions of this act who is thereafter convicted of operating a motor vehicle in this state, while the order of the court prohibiting such operating is in effect, shall be guilty of a class E felony."

A habitual violator includes any person who has been convicted three or more times within the immediately preceding five years of driving while the privilege to operate a motor vehicle has been suspended. K.S.A. 1988 Supp. 8-285(3).

The purpose and public policy behind the law is obvious. The legislature intended to provide maximum safety for those using public roads, and to deny the privilege of driving on such roads to those who have demonstrated their indifference to the safety and welfare of others and their disregard for state laws. The law is meant to discourage repetition of criminal acts by individuals,

and to impose increased deprivation of the privilege of driving upon those convicted repeatedly of traffic violations. K.S.A. 8-284.

The Kansas Supreme Court has said that a proceeding under K.S.A. 8-286 to determine whether a person is a habitual violator is a civil proceeding, not a criminal one. *State v. Boos*, 232 Kan. 864, 870, 659 P.2d 224 (1983).

The issue in the present case arises when the line of cases prohibiting the imprisonment of anyone for an offense unless that person was represented by counsel meets or confronts a statute such as K.S.A. 8-287, which allows a trial court to imprison an individual after finding that such person is a habitual violator.

*Argersinger v. Hamlin*, 407 U.S. 25, 37, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972), held that:

"[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

This court has held in *State v. Daniels*, 2 Kan. App. 2d 603, 605-06, 586 P.2d 50 (1978), that an individual has a right to counsel, and the state has the burden of proving assistance of counsel or waiver and neither will be inferred from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884 (1962).

Further, it is well settled that, if a prior conviction was invalid for purposes of imposing a sentence of imprisonment because the defendant was not represented by counsel, the prior conviction cannot be used to increase a term of imprisonment for a subsequent conviction under a repeat offender statute. *Baldasar v. Illinois*, 446 U.S. 222, 227-28, 64 L. Ed. 2d 169, 100 S. Ct. 1585 (1980); *State v. Oehm*, 9 Kan. App. 2d 399, Syl. ¶ 2, 680 P.2d 309 (1984).

The United States Supreme Court has stated, however, that an uncounseled conviction is not invalid for all purposes and may be used as a basis for imposing a civil disability, enforceable by criminal sanction. *Lewis v. United States*, 445 U.S. 55, 66-67, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980).

In *State v. Boos*, 232 Kan. at 870-72, the Kansas Supreme Court held that, because a proceeding to determine whether a person is a habitual violator is a civil proceeding in which the alleged

violator does not face imprisonment, a person cannot, in a habitual violator determination proceeding under K.S.A. 8-286, successfully attack the underlying three traffic violations on the grounds that the individual was deprived of his or her constitutional right to counsel or did not knowingly, intelligently, and voluntarily waive such right. See *State v. Whitehurst*, 13 Kan. App. 2d 411, 772 P.2d 1251 (1988).

In *State v. Boos*, 232 Kan. at 873, the Kansas Supreme Court cited with approval a Virginia case, *Whorley v. Commonwealth*, 215 Va. 740, 214 S.E.2d 447, *cert. denied* 423 U.S. 946 (1975), which directly raised the issue in the present case.

In *Whorley*, the defendant was declared a habitual violator and his license was revoked for ten years. His adjudication as a habitual offender was based in part on a prior uncounseled conviction for driving under the influence of alcohol. Later, the defendant was convicted of driving despite his habitual offender status and was sentenced to one year in prison. On appeal Whorley argued, as does Weber, that his conviction was void because his adjudication as a habitual offender was based in part on a misdemeanor conviction obtained in the absence of assistance of counsel.

The Virginia Supreme Court held that an uncounseled misdemeanor judgment of conviction, resulting in imprisonment, while invalid for purposes of imposing a sentence for the misdemeanor conviction, was not invalid for purposes of imposing the consequential civil disability of declaring a person to be a habitual offender. 215 Va. at 743-46. The Virginia court went on to hold that a criminal conviction for driving while classified as a habitual offender is not void even though his habitual offender status is predicated upon a previous uncounseled misdemeanor conviction. 215 Va. at 746-47. The reasoning of the Virginia court was that the instant conviction did not arise out of any previous uncounseled conviction, but it arose because of the defendant's deliberate violation of the law prohibiting habitual offenders from driving. 215 Va. at 746. The court went on to state that the connection between the defendant's prior uncounseled misdemeanor conviction and his conviction for driving after being adjudged a habitual offender was remote and would have been nonexistent except for his subsequent deliberate criminal violation of the law. 215 Va. at 746-47.

Support for this reasoning can be found in *Lewis v. United States*, 445 U.S. 55. The Court there stated that an uncounseled misdemeanor conviction can be used to impose civil liability, enforced by criminal sanctions. In *Lewis*, the petitioner was convicted of a felony without assistance of counsel and absent any waiver of counsel. Subsequently, he was convicted of violating 18 U.S.C. App. § 1202(a)(1) (1982), which prohibited, among other things, a person who had been convicted of a felony from owning a firearm. The petitioner argued on appeal that the violation of § 1202 could not be predicated on a prior conviction obtained in violation of his Sixth Amendment right to counsel.

The United States Supreme Court held in *Lewis* that the use "of an uncounseled felony conviction as the basis for imposing a civil firearms disability, enforceable by a criminal sanction, [was allowable]," and that the subsequent "firearms prosecution [did] not open the predicate conviction to a new form of collateral attack." 445 U.S. at 67.

The Court in *Lewis* emphasized that nothing in the firearm prosecution statute expressly authorized the petitioner to question the validity of the predicate convictions as a defense and noted that the purpose of the firearm prohibition statute was to keep dangerous weapons from potentially dangerous people. 445 U.S. at 62-63. Nothing indicated the government was required to prove the validity of the predicate conviction. 445 U.S. at 63. The court observed, however, that its ruling had not precluded the petitioner from obtaining review of the predicate conviction since he could have challenged the predicate conviction in an appropriate state court proceeding. 445 U.S. at 64.

We are persuaded that the statute in question is not a "self contained criminal act." The statute in question requires another separate act in addition to certain prohibited acts after an individual is adjudicated to be a habitual violator. In this case, the defendant subsequently violated K.S.A. 8-287 by driving a motor vehicle after being adjudged a habitual violator and was convicted of a class E felony.

We adopt the reasoning in *Lewis* and *Whorley* and conclude that the conviction and sentence in the present case are not invalid even though the defendant's adjudication as a habitual violator may have been based in part on an uncounseled misdemeanor conviction. The conviction in the present case did not

arise out of any previous uncounseled conviction but it arose because of the defendant's violation of the restrictions imposed upon him by reason of his status as a habitual violator. Furthermore, although there was some suggestion that a previous conviction was invalid for purposes of imposing the sentence in that conviction, the previous conviction was validly used, pursuant to *State v. Boos*, as a basis for adjudicating the defendant a habitual violator.

The link between the uncounseled misdemeanor and the present conviction for driving after being adjudicated a habitual violator is remote and would have been nonexistent except for the defendant's overt act in violation of the law.

We believe that the present case is distinguishable from *Baldasar v. Illinois*, 446 U.S. 222, and *State v. Priest*, 239 Kan. 681, 722 P.2d 576 (1986), in that the present case does not involve the use of a previous uncounseled conviction to enhance the term of *imprisonment of the subsequent* conviction, but rather, the previous uncounseled conviction was used to impose a civil liability, *i.e.,* the habitual violator status, upon the defendant, and such civil disability was simply made enforceable by criminal sanctions.

We hold that the lower court did not err in refusing to allow the defendant to collaterally attack his previous uncounseled conviction in a proceeding for violation of K.S.A. 8-287 and further hold that the conviction under that statute did not violate the defendant's Sixth Amendment right to counsel.

Affirmed.