(825 P.2d 531)

No. 66,048

CRAIG T. MUSICK, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed February 7, 1992.

*J.D. Befort*, legal intern, and *Brian Cox*, of the Kansas Department of Revenue, for the appellant.

*Terry E. Beck*, of Topeka, for the appellee.

Before BRISCOE, C.J., GERNON, J., and PHILIP L. SIEVE, District Judge, assigned.

BRISCOE, C.J.: The Department of Revenue appeals from the district court's finding that Craig Musick's prior uncounseled conviction of driving while under the influence could not be used as a basis for extending the period of his driver's license suspension under K.S.A. 1989 Supp. 8-1014.

Musick was arrested for DUI on June 23, 1985, and entered into a diversion agreement on July 16, 1985. He was not represented by counsel when he entered into the diversion agreement. In determining whether the Department will suspend or restrict an individual's driving privileges for test refusal, test failure, or alcohol or drug-related convictions, a diversion agreement entered into in lieu of further criminal proceedings on a DUI complaint is treated as a conviction. K.S.A. 1989 Supp. 8-1013(b)(2)(A).

On January 13, 1990, Musick was arrested for DUI and agreed to take a breath test. The test indicated his blood alcohol content was in excess of .10. In applying K.S.A. 1989 Supp. 8-1013 and 8-1014 to Musick's driving record, the Department treated his prior diversion as a first occurrence and his test failure as a second occurrence, and suspended Musick's license for one year, with the suspension to begin February 21, 1990.

After administrative review, Musick's one-year suspension was upheld. Musick then sought judicial review with the district court. After a hearing on the matter, on September 4, 1990, the court held the prior uncounseled diversion could not be used to enhance Musick's period of suspension, found the test failure was a first occurrence under 8-1014, and ordered that Musick's period of suspension should be reduced accordingly. Musick's license had been suspended from February 21, 1990, to September 4, 1990, a period of 195 days. As his license had already been suspended in excess of the 30-day suspension applicable to first

occurrences, the court ordered immediate reinstatement of his driving privileges. The Department timely appealed.

On February 6, 1991, Musick pleaded nolo contendere in Topeka Municipal Court to the January 13, 1990, DUI charge. As a result of that conviction and pursuant to 8-1014(c)(1), Musick's driving privileges were restricted from March 5, 1991, to August 11, 1991, a period of 159 days.

By this appeal, the Department seeks reinstatement of its order pursuant to 8-1014(b)(2), which suspended Musick's license for one year. If the Department's order is reinstated, Musick's driver's license will be suspended for an additional 170 days. Musick contends this appeal is moot because his license has been suspended or restricted for a period which exceeds the year's suspension the Department seeks to impose. Musick combines the period his license was suspended with the period his license was restricted and argues this period exceeds one year.

Musick's argument is both mathematically and legally incorrect. Musick combines the 195 days of suspension imposed pursuant to 8-1014(b)(2) (served from February 21, 1990, to September 4, 1990) with the 159 days of driving with a restricted license imposed pursuant to 8-1014(c)(1) (served from March 5, 1991, to August 11, 1991) to argue his license has been suspended or restricted for a one-year period. Both the suspension and the restriction resulted from the same DUI incident which occurred on January 13, 1990. Even if it were proper to combine the periods of suspension and restriction for this purpose, the combined periods do not add up to a year. Further, we interpret 8-1014(d) as treating suspensions differently from restrictions.

K.S.A. 1989 Supp. 8-1014(d) provides that combined periods of *suspension* cannot exceed the longest single period of *suspension* provided by 8-1014(a), (b), or (c), a period of one year. K.S.A. 1989 Supp. 8-1014(d) also makes separate provision for sanctions of suspension and restriction:

"If a person's driving privileges are subject to *suspension* pursuant to this section for a test refusal, test failure or alcohol or drug-related conviction arising from the same arrest, the period of such suspension shall not exceed the longest applicable period authorized by subsection (a), (b) or (c), and such *suspension* periods shall not be added together or otherwise imposed consecutively. In addition, in determining the period of such suspension as

authorized by subsection (a), (b) or (c), such person shall receive credit for any period of time for which such person's driving privileges were suspended while awaiting any hearing or final order authorized by this act.

"If a person's driving privileges are subject to *restriction* pursuant to this section for a test failure or alcohol or drug-related conviction arising from the same arrest, the *restriction* periods shall not be added together or otherwise imposed consecutively. In addition, in determining the period of restriction, the person shall receive credit for 150 days of any period of suspension imposed for a test refusal arising from the same arrest." (Emphasis added.)

In determining the period of restriction, 8-1014(d) does provide 150 days of credit against the statutory restriction period if a period of suspension has been imposed for a test refusal arising from the same arrest. However, the statute makes no provision for combining periods of restriction with suspension or for substituting one for the other when computing whether the period of suspension has been satisfied. Further, the statute does not forbid imposing a period of suspension for test failure and a period of restriction for conviction as a result of the same DUI. As courts must apply the natural and ordinary meaning of words when construing a statute (*Hill v. Hill*, 13 Kan. App. 2d 107, 108, 763 P.2d 640 [1988]), we conclude the issue presented by the Department is not moot because there remains a question of whether the Department may impose the balance of the year's suspension.

Musick also claims the Department acquiesced in the judgment by not relying upon the prior uncounseled conviction to enhance the period of restriction imposed as a result of his nolo contendere plea on February 6, 1991.

If a party acquiesces in a judgment, the right to have the judgment reviewed on appeal is terminated. To acquiesce sufficiently to terminate one's right to appeal, one must voluntarily comply with the judgment in either assuming the burden or accepting the benefit of the judgment. *Younger v. Mitchell*, 245 Kan. 204, 206-07, 777 P.2d 789 (1989).

In February 1991, the Department received instructions from the Topeka Municipal Court to review Musick's driving privileges in light of his municipal court criminal conviction for the July 1990 DUI. Musick's license was restricted from March 5, 1991, through August 11, 1991. The Department treated Musick's 1991 DUI conviction as his first occurrence rather than enhancing the

sentence based on the 1985 diversion and suspending his license for one year. K.S.A. 1989 Supp. 8-1013(e) mandates this result because the 1985 diversion occurred more than five years prior to the 1991 conviction. As the Department was statutorily prohibited from counting the 1985 diversion as a first occurrence, it has not acquiesced in the district court's 1990 ruling.

Having concluded the appeal is neither moot nor barred by acquiescence, we reach the issue presented by the Department. The Department contends the trial court erred in finding it could not use the 1985 uncounseled diversion as a basis for enhancing the driver's license sanction imposed upon Musick as a result of his 1990 test failure.

To resolve this issue, we must interpret 8-1013 and 8-1014. Statutory interpretation is a question of law and, therefore, our appellate review of the court's ruling is de novo. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984).

K.S.A. 1989 Supp. 8-1013 defines "occurrence" and provides a test to determine whether an occurrence is a first or second/subsequent occurrence for purposes of enhancing the suspension period administratively imposed. K.S.A. 1989 Supp. 8-1014 sets forth the suspension periods applicable after each occurrence. K.S.A. 1989 Supp. 8-1013(b) provides in part:

"(2) For the purpose of determining whether an occurrence is a first, second or subsequent occurrence: (A) 'Alcohol or drug-related conviction' also includes entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging commission of a crime described in subsection (b)(1) [includes driving while under influence of alcohol or drugs in violation of K.S.A. 1989 Supp. 8-1567] which agreement was entered into during the immediately preceding five years, including prior to the effective date of this act; and (B) it is irrelevant whether an offense occurred before or after conviction or diversion for a previous offense.

. . . .

"(e) 'Occurrence' means a test refusal, test failure or alcohol or drug-related conviction, or any combination thereof arising from one arrest, occurring in the immediately preceding five years, including prior to the effective day of this act.

. . . .

"(h) 'Test failure' . . . refers to a person's having results of a test . . . which show an alcohol concentration of .10 or greater in the person's blood or breath."

K.S.A. 1989 Supp. 8-1014 states in part:

"(b) Except as provided by subsection (d), if a person fails a test, the division shall, pursuant to K.S.A. 8-1002, and amendments thereto:

"(1) On the person's first occurrence, suspend the person's driving privileges for 30 days, then restrict the person's driving privileges . . . for an additional 60 days; and

"(2) on the person's second or a subsequent occurrence, suspend the person's driving privileges for one year."

Musick was arrested for DUI on June 23, 1985. He entered into a diversion agreement on July 16, 1985, as an alternative to criminal proceedings resulting from his arrest for DUI. Four years and six months later, on January 13, 1990, he was again arrested for DUI and failed his blood alcohol content test. As regards the timing of the 1985 diversion as it relates to the 1990 DUI, the 1990 test failure falls within the five-year period and qualifies as a second occurrence under 8-1014(b)(2). However, Musick's prior occurrence, the 1985 diversion, ensued without benefit of legal counsel. Musick relies upon *Baldasar v. Illinois,* 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585 (1980), to argue that allowing the Department to use the 1985 uncounseled diversion as a prior occurrence to enhance punishment for the 1990 test failure is a violation of his Sixth Amendment right to counsel. We disagree.

In *Baldasar,* 446 U.S. at 228, the Court stated "a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." By its ruling, the Court in *Baldasar* held it was unconstitutional to consider a prior uncounseled misdemeanor conviction to elevate a subsequent misdemeanor conviction to a felony conviction with a prison term.

This court applied *Baldasar* in *State v. Oehm,* 9 Kan. App. 2d 399, 680 P.2d 309 (1984). Oehm was convicted of DUI and sentenced as a second offender under K.S.A. 1983 Supp. 8-1567. The prior conviction which served as grounds to enhance Oehm's punishment as a second offender resulted from a trial where Oehm represented himself and had not waived his right to counsel. This court held the imprisonment portion of the sentence imposed under the second-offender enhancement could not be based upon the prior uncounseled conviction.

The holding of *Oehm* was extended in *State v. Priest*, 239 Kan. 681, 722 P.2d 576 (1986), which held that an uncounseled diversion could not be used as grounds for enhancing a criminal sentence. Although the State sought the enhanced punishment of imprisonment for Priest's second DUI, the district court refused to enhance the punishment because the basis for the enhancement was the prior uncounseled diversion. The court affirmed, stating:

"[P]rior to entering into a diversion agreement, individuals charged with DUI must be given the opportunity to make a knowing waiver of their constitutional right to assistance of counsel. Where the defendant is without assistance of counsel and has not waived the right to assistance of counsel, *the State cannot have the benefit of an uncounseled diversion agreement to enhance the sentence for a subsequent DUI conviction.* The judge correctly determined that a sentence of imprisonment for DUI conviction may not be enhanced under K.S.A. 1985 Supp. 8-1567 where the record of the prior diversion agreement is silent as to whether the defendant either had or waived the right to assistance of counsel under the Sixth Amendment of the United States Constitution." 239 Kan. at 685. (Emphasis added.) .

*Priest* and *Oehm* concerned imprisonment based on uncounseled convictions. However, imprisonment is not an issue here. Both *Priest* and *Oehm* involved 8-1567, violation of which is a misdemeanor punishable by fines, public service commitments, and prison terms. These criminal qualities are not present in 8-1014. Therefore, neither case is dispositive.

The United States Supreme Court has stated that an uncounseled conviction is not per se invalid and may be used as a basis for imposing a civil disability, enforceable by criminal sanction. *Lewis v. United States*, 445 U.S. 55, 66-67, 63 L. Ed. 2d 198, 100 S. Ct. 915 (1980). Additionally, in *State v. Boos*, 232 Kan. 864, 659 P.2d 224, *cert. denied* 462 U.S. 1136 (1983), the court found that the "holding of *Baldasar* did not apply to the same extent in a civil proceeding to determine habitual violator status [K.S.A. 8-285] as it would in a direct attack on a criminal conviction." *State v. Whitehurst*, 13 Kan. App. 2d 411, 415, 772 P.2d 1251 (1988), *rev. denied* 244 Kan. 740 (1989).

The statutes involved in both *Boos* and in *Whitehurst* are K.S.A. 8-284, 8-285, and 8-286. This family of statutes, commonly known as the habitual violator statutes, seeks to discourage repetition of motor vehicle law violations by reducing a repeat offender's accessibility to the state's roads. K.S.A. 8-284. These

statutes allow the prosecutor to file a petition alleging a person is a habitual violator if that person is convicted of three DUI's within five years. K.S.A. 8-285, 8-286. If the accused is found guilty of being a habitual violator, the court will order the accused not to drive within the state. K.S.A. 8-286.

In both *Boos* and *Whitehurst*, the habitual violator statutes were found to be civil rather than criminal in nature. The statutes acquire their civil status because they do "not create a new crime but rather [provide] for a determination of a driver's status." *Whitehurst*, 13 Kan. App. 2d at 414. Revocation of a driver's license "does not make the habitual violator status a crime . . . . [N]o criminal sanctions are imposed upon this status determination." *Whitehurst*, 13 Kan. App. 2d at 414. Because of the civil nature of the habitual violator statutes, the Supreme Court in *Boos*, 232 Kan. at 872, and this court in *Whitehurst*, 13 Kan. App. 2d at 416, held that labeling someone with the status of habitual violator by using prior uncounseled convictions is not a violation of that person's Sixth Amendment rights to counsel.

Another statute in the habitual violator family is K.S.A. 8-287, which states that after being labeled a habitual violator pursuant to 8-286, if a person drives within the state, that person will be guilty of a class E felony. *State v. Weber*, 13 Kan. App. 2d 571, 775 P.2d 679 (1989), addressed the constitutionality of 8-287 when one of the underlying convictions which led to the labeling as a habitual violator was uncounseled. The *Weber* court distinguished *Baldasar* and *Priest* and stated that, pursuant to *Boos*, an uncounseled conviction can support the label of habitual violator, which is a civil disability affecting a person's driving privileges. Once a person has been labeled a habitual violator, if he or she violates 8-286 and drives, 8-287 merely imposes criminal sanctions for that subsequent act of driving.

*Boos*, *Whitehurst*, and *Weber* are not wholly dispositive of the issue before us because 8-1014 is not identical to the habitual violator statutes. K.S.A. 8-286 is triggered after three driving-related convictions. It provides for a hearing and, after the person is positively identified as the person who is alleged to be a habitual violator, the person is determined to be a habitual violator and his or her driver's license is suspended. K.S.A. 1989 Supp. 8-

1014, however, is triggered by each act which gives rise to the potential of a subsequent conviction. These acts, called "occurrences" within the statute, include test refusal, test failure, alcohol or drug-related conviction, or any combination thereof arising from one arrest. Once a person has engaged in such an act, the length of driving disability imposed by 8-1014 depends upon whether the person has a record of any such prior acts.

K.S.A. 1989 Supp. 8-1014 imposes a self-enhanced sanction. The question posed here is whether 8-1014 is more analogous to a civil proceeding under 8-286, potentially resulting in a suspension of driver's license, or whether it is more analogous to a criminal proceeding, potentially resulting in a criminal conviction.

K.S.A. 21-3105 defines a crime as "an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine, or both imprisonment and fine, is authorized . . . . Crimes are classified as felonies, misdemeanors and traffic infractions." K.S.A. 1989 Supp. 8-1014 does not impose fines or prison sentences and its violation is not a felony or a misdemeanor. We conclude a proceeding under K.S.A. 1989 Supp. 8-1014, which provides for loss of driving privileges upon a finding that specified acts were committed within a specified period of time, is a civil proceeding.

Musick argues 8-1014 has become part of the sentencing statute for DUI convictions and is therefore criminal in nature. However, 8-1014 can be used by the Department in an administrative proceeding without order of a criminal court.

Musick argues that 8-1014 is a habitual punishment enhancement statute. While it is true the statute does enhance periods of suspension and restriction for drivers with prior convictions, the issue is what is being enhanced. In this case, the Department is not enhancing criminal punishment but rather civil penalties.

K.S.A. 1989 Supp. 8-1014 is more analogous to the civil proceeding of declaring someone a habitual violator and revoking that person's license rather than to a criminal statute which labels a crime a misdemeanor or a felony and delineates fines and prison sentences. Since the Department is imposing a civil disability, Musick's Sixth Amendment right to counsel is not violated by the Department's reliance upon a prior uncounseled conviction

of DUI as a basis for extending the period of driver's license suspension.

Reversed and remanded with directions to reinstate the remainder of the Department's one-year suspension order.