David E. Retter Concordia City Attorney 213 West Sixth, P.O. Box 676 Concordia, Kansas 66901
Dear Mr. Retter:
You request an opinion whether a city attorney is prohibited from offering diversion to a person with a prior alcohol related conviction where it appears that the person did not have counsel, nor did he waive the right to counsel.
K.S.A. 12-4415(b)(2) prohibits a city attorney from offering diversion on a complaint alleging an alcohol related offense if the defendant has previously been convicted of an alcohol related offense either in this state or another state. You cite the case of State v. Priest, 239 Kan. 681
(1986) which concludes that where a defendant's prior DUI conviction raises a presumption that the defendant was not represented by counsel (and there has been no valid waiver of counsel) that conviction cannot be used to enhance punishment under the habitual offender statute. InPriest, the defendant entered into a diversion agreement on a DUI without the benefit of counsel. Pursuant to K.S.A. 1993 Supp. 8-1567(k)(2) a diversion constitutes a "conviction" for enhancement purposes so when the defendant was convicted on a subsequent DUI, the state argued that she was a candidate for enhanced punishment pursuant to K.S.A. 1993 Supp.8-1567(e). The trial court's ruling that the prior uncounseled diversion could not be used to enhance punishment was upheld by the Kansas Supreme Court.
 "Almost all jurisdictions have held that where the record of a defendant's conviction on its face raises a presumption that the defendant was not represented by counsel, such a conviction cannot be used to enhance punishment under a habitual offender's statute until that presumption is overcome. This insures that an individual's sixth amendment right to counsel is protected."
Priest at p. 683.
However, an uncounseled conviction is not invalid for all purposes and may be used as a basis for imposing a civil disability, enforceable by a criminal sanction. Lewis v. United States, 445 U.S. 55, 63 L.Ed.2d 198,100 S.Ct. 915 (1980); State v. Weber, 13 Kan. App. 2d 571 (1989); Statev. Whitehurst, 13 Kan. App. 2d 411 (1988). In Lewis, the defendant was convicted of violating a federal statute which prohibits possession of a firearm by a person convicted of a felony. The defendant unsuccessfully argued that he had not been represented by counsel when convicted of the felony and, therefore, the sixth amendment precluded the government from prosecuting him. The United States Supreme Court concluded that the government could use an uncounseled felony conviction as the basis for imposing a civil firearms disability enforceable by a criminal sanction.
In State v. Boos, 231 Kan. 864 (1983) the defendant was convicted of being a habitual violator pursuant to K.S.A. 8-284 which provides that if a person has been convicted three times of driving under the influence of alcohol offenses within a five year period, the person is prohibited from driving on the public highways. Citing Lewis, the court concluded that revocation of a person's right to drive carries none of the attributes of a crime because there are no criminal sanctions involved, and therefore, revocation of the defendant's driving privilege was appropriate.
Finally, in Musick v. Kansas Department of Revenue, 16 Kan. App. 2d 462
(1992) the defendant was arrested for DUI when he failed the breath test. The court of appeals upheld the trial court's conclusion that the defendant's previous uncounseled diversion could be used to enhance the period of time his driver's license was suspended because a driver's license suspension is a civil matter. The Musick case distinguished thePriest case because the latter concerned an imprisonment based upon an uncounseled conviction whereas Musick involved the labeling of a person as a habitual violator and, consequently, there was no sixth amendment violation.
The city attorney is prohibited from offering diversion to a person who has been convicted of an alcohol related offense in this state or another state. The fact that the person may not have had counsel is not on a par with the situation in Priest. It is more analogous to the Boos andMusick case where uncounseled convictions were used to impose civil disabilities. In this case, the person is simply ineligible for diversion based upon his or her status as a person with a conviction of an alcohol related offense. Consequently, it is our opinion that a city attorney is prohibited from offering diversion to a person who has a prior alcohol related conviction regardless of whether the person had counsel or did not waive the right to counsel.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm