(317 P.3d 115)
No. 109,472

S<small>TATE OF</small> K<small>ANSAS</small>, *Appellant*, v. D<small>ANIEL</small> W. T<small>IMS</small>, *Appellee*.

Opinion filed January 3, 2014.

*Tim Liesmann*, assistant county attorney, *Shawna Miller*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Kevin Shepherd*, of Topeka, for appellee.

Before BRUNS, P.J., ARNOLD-BURGER and POWELL, JJ.

POWELL, J.: The State appeals Daniel W. Tims' driving under the influence (DUI) sentence, claiming it is illegal because the district court improperly excluded Tims' prior DUI diversion from its calculation of Tims' criminal history. The district court agreed with Tims that his prior uncounseled DUI diversion could not be

counted in his criminal history, making this DUI Tims' second conviction rather than his third. Because we hold that Tims' prior uncounseled DUI diversion should have been counted in his criminal history, we reverse the district court and remand for resentencing as a felony third DUI conviction.

### FACTUAL AND PROCEDURAL HISTORY

The Jackson County District Court found Tims guilty of driving under the influence of alcohol in June 2012. This was not Tims' first DUI. In 2002, Tims executed a DUI diversion agreement in the Topeka Municipal Court. There is no evidence in the record regarding whether Tims successfully completed the diversion; however, Tims makes no claim that he served jail time in connection with his Topeka offense; Tims' presentence investigation report lists it as a diversion and not a conviction; and since it is the subject of this appeal, we presume the diversion was never revoked and no sentence was imposed. Tims was convicted of another DUI in 2004.

Based upon the 2002 DUI diversion and the 2004 DUI conviction, in 2012 the State charged Tims with felony DUI under K.S.A. 2011 Supp. 8-1567(a)(5) and (b)(1)(D). Curiously, Tims waived his preliminary hearing then subsequently filed a Motion to Strike Diversion from Consideration of Defendant's Criminal History and Discharge from Felony Charges. After the State responded only to the merits of the motion and not its procedural propriety, the district court heard arguments and granted Tims' motion. The State then filed a motion to reconsider, resulting in a brief hearing and denial by the district court. Thereafter, the parties agreed to a bench trial upon stipulated facts. The State reserved the right to appeal the district court's sentencing decision based on the court's exclusion of Tims' 2002 DUI diversion from his criminal history.

The district court found Tims guilty, treated his conviction as a second misdemeanor DUI conviction, and sentenced him to probation. The State timely appeals based on an illegal sentence and on a question reserved.

## DOES APPELLATE JURISDICTION EXIST UNDER A CHALLENGE TO AN ILLEGAL SENTENCE OR AS A QUESTION RESERVED?

As an initial matter, we observe that the State appeals Tims' sentence as illegal under K.S.A. 22-3504 and on a question reserved for statewide importance under K.S.A. 2012 Supp. 22-3602(b)(3). We suspect the State feels it necessary to pursue its appeal under this dual track due to the somewhat unusual procedural history that brought this question to us. This matters because we may order the district court to modify its sentence under K.S.A. 22-3504, but we may not for appeals brought under K.S.A. 2012 Supp. 22-3602(b)(3) because "an appellate court's answer to a State's question reserved has no effect on the criminal defendant in the underlying case." *State v. Berreth*, 294 Kan. 98, 123, 273 P.3d 752 (2012); see also *State v. McCarley*, 287 Kan. 167, 176, 195 P.3d 230 (2008) (appellate court has authority to review State's claim of illegal sentence). As it is our duty to question appellate jurisdiction *sua sponte* in the absence of it being raised by either party, it is necessary to review the issue. *Ryser v. State*, 295 Kan. 452, 456, 284 P.3d 337 (2012). The issue of jurisdiction is a question of law over which our review is unlimited. *Berreth*, 294 Kan. at 109.

The procedural irregularities began with Tims' decision to waive his right to a preliminary hearing. The record is unclear on this point, but it may have been by agreement as Tims asked the district court for a hearing on his anticipated motion to challenge his DUI diversion at the same time he waived his preliminary hearing. Tims timely filed his motion, and the State never challenged his ability to bring such a motion in light of his preliminary hearing waiver. However, our Supreme Court has determined that prior DUI convictions must be proven by the State at a preliminary hearing in order to establish that a felony has been committed. *State v. Seems*, 277 Kan. 303, 305-06, 84 P.3d 606 (2004). Tims should have raised this challenge to his prior DUI diversion at the preliminary hearing, requiring the district court to dismiss the felony DUI charge given its agreement with Tims on this point. See *State v. Key*, 298 Kan. 315, 312 P.3d 355 (2013) (defendant who intends to challenge

validity of prior misdemeanor DUI should do so at preliminary hearing). Moreover, our Supreme Court has also stated: "[P]roof of a prior conviction is not an element of DUI to be established at trial and need not be brought out until the sentencing phase." *State v. Masterson*, 261 Kan. 158, 164, 929 P.2d 127 (1996). This suggests Tims also could have challenged his prior DUI diversion at his sentencing. See *Key*, 298 Kan. at 320-21 (challenge to inclusion of prior misdemeanor in defendant's criminal history requires objection at sentencing). Either way, we could have clearly considered the State's challenge to the district court's dismissal of the charge or a challenge to the district court's sentence on appeal.

However, Tims chose to file instead—with the possible acquiescence from the State—his Motion to Strike Diversion from Consideration of Defendant's Criminal History and Discharge from Felony Charges shortly after he waived his preliminary hearing. Unlike *Key*, where the defendant did not waive his preliminary hearing, we think Tims likely waived his right to seek dismissal of the DUI charge on felony *classification* grounds because that issue should have been raised at the preliminary hearing. By waiving the preliminary hearing, Tims consented to the district court's finding that probable cause existed that he committed a felony. If Tims had not waived his preliminary hearing and had objected to the introduction of the prior DUI diversion agreement at the hearing, then a subsequent motion to dismiss would have been in order. See *Key*, 298 Kan. at 320-21 (defendant may challenge validity of prior misdemeanor DUI through timely motion to dismiss).

Moreover, the district court had no authority to reclassify the DUI charge as a misdemeanor. See *State v. Bell*, 268 Kan. 764, 768, 1 P.3d 325 (2000) (once probable cause existed to bind defendant over on charge, district court without authority to amend it); *State v. Leslie*, 237 Kan. 318, 319, 699 P.2d 510 (1985) (district court may not amend felony charge to misdemeanor). However, the State never raised a procedural objection to this motion and, instead, opposed it only on the merits. Once the motion was granted by the district court, the parties subsequently agreed to try the case on stipulated facts with the understanding that the State could challenge the propriety of the misdemeanor sentence. In

light of this record, we conclude that we have jurisdiction to consider the State's appeal of Tims' sentence as illegal under K.S.A. 22-3504 because, unlike in *Berreth*, the State has asserted the illegality of the sentence throughout its appeal. See *Berreth*, 294 Kan. at 111 (State's sole ground for appeal was on a question reserved). Therefore, we need not answer the question of whether the issue is one of "statewide importance," though we acknowledge it probably is. See *State v. Jaben*, 294 Kan. 607, 609, 277 P.3d 417 (2012) (questions reserved generally presuppose that case on appeal requires answer to an issue of statewide importance necessary for proper disposition of future cases).

### DOES A DEFENDANT HAVE A RIGHT TO COUNSEL IN A DUI DIVERSION PROCEEDING?

Turning to the merits, the State contends a published decision is needed to clarify (1) whether a defendant has a right to counsel in a DUI diversion proceeding and (2) whether a defendant entering into a DUI diversion, if uncounseled, must waive this right to counsel in front of a judge. Our court recently released four unpublished opinions related to this issue: *State v. Copenhaver*, No. 107,632, 2013 WL 2395329 (Kan. App. 2013) (unpublished opinion) (Sixth Amendment right to counsel does not attach during DUI diversion proceedings), *petition for rev. filed* June 24, 2013; *State v. Miller*, No. 108,302, 2013 WL 1943153 (Kan. App. 2013) (unpublished opinion) (uncounseled DUI diversion may be considered as conviction whether or not there was valid waiver of counsel); *State v. Lahodny*, No. 106,992, 2013 WL 3970169 (Kan. App. 2013) (unpublished opinion) (no Sixth Amendment right to counsel in prior DUI diversion proceeding); *State v. Nieves*, No. 105,449, 2013 WL 1010276 (Kan. App. 2013) (unpublished opinion) (Sixth Amendment right to counsel never attached during prior Oregon DUI diversion proceedings), *rev. granted* October 1, 2013.

Therefore, the question before us is whether Tims had a Sixth Amendment or statutory right to counsel during his DUI diversion proceedings. If so, we then must consider whether Tims was required to waive this right in front of a judge. The district court interpreted *State v. Hughes*, 290 Kan. 159, 224 P.3d 1149 (2010),

and *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 708 P.2d 977 (1985), to require such a waiver. The State contends the district court erred, asserting that Tims' uncounseled diversion agreement was constitutionally valid and counted as a DUI conviction; therefore, Tims should have been charged with and sentenced as a felony under K.S.A. 2011 Supp. 8-1567(b)(1)(D). As these issues implicate only questions of law, our review is unlimited. See *State v. Mossman*, 294 Kan. 901, 925, 281 P.3d 153 (2012); *Paletta v. City of Topeka*, 20 Kan. App. 2d 859, 864-66, 893 P.2d 280, *rev. denied* 258 Kan. 859 (1995).

*Analysis*

K.S.A. 2011 Supp. 8-1567, the statute governing Tims' present DUI offense, is a recidivist statute providing for an enhanced severity in charge and sentence if the offender has previous DUI convictions. The statute states in relevant part:

"(b)(1) Driving under the influence is:

. . . .

(C) on a third conviction a class A, nonperson misdemeanor, except as provided in subsection (b)(1)(D). . . .

(D) on a third conviction a nonperson felony if the person has a prior conviction which occurred within the preceding 10 years, not including any period of incarceration.

. . . .

"(j) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:

(1) 'Conviction' includes being convicted of a violation of this section or *entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging a violation of this section;* . . . ." (Emphasis added.)

Therefore, entering into a valid DUI diversion agreement under Kansas law constitutes a prior conviction for purposes of K.S.A. 2011 Supp. 8-1567. Tims challenged the use of his DUI diversion as a prior conviction by claiming his 2002 DUI diversion was constitutionally invalid. If a defendant's past DUI diversion is invalid, then the court cannot consider the diversion when determining whether it is the defendant's first, second, third, fourth, or subsequent conviction. See generally *Hughes*, 290 Kan. at 165-66 (invalid prior convictions may not be counted in criminal history).

Accordingly, if Tims' 2002 DUI diversion is invalid, Tims would be subject only to a misdemeanor charge and sentence under K.S.A. 2011 Supp. 8-1567(b)(1)(B) rather than to a felony charge and sentence under K.S.A. 2011 Supp. 8-1567(b)(1)(D).

*Constitutional Right to Counsel*

In Kansas, a defendant's first and second DUI charges are misdemeanors. K.S.A. 2011 Supp. 8-1567(b)(1)(A) and (B). In *Scott v. Illinois*, 440 U.S. 367, 373-74, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), the United States Supreme Court held that "no indigent criminal defendant [may] be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." The Court later clarified the Sixth Amendment right to counsel attaches when guilt is adjudicated, eligibility for imprisonment is established, and a prison sentence is determined. *Alabama v. Shelton*, 535 U.S. 654, 665, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002). Therefore, an indigent defendant charged with a misdemeanor has no constitutional right to appointed counsel unless the sentence to be imposed upon conviction of the charge includes a term of imprisonment.

State v. Paletta

In 1994, the United States Supreme Court held that a prior uncounseled misdemeanor conviction may be used to enhance punishment in a subsequent conviction because the sentence in the prior case did not include a term of imprisonment. *Nichols v. United States*, 511 U.S. 738, 748-49, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994). The following year, relying on the then newly published *Nichols* case, our court chose not to follow the previous Kansas Supreme Court precedent set out in *State v. Priest*, 239 Kan. 681, 685, 722 P.2d 576 (1986) (an uncounseled diversion agreement, where counsel was not waived, could not be used to enhance the sentence of a DUI offender). Instead, the *Paletta* court held that "an uncounseled [DUI] diversion may be used as a prior conviction to enhance sentencing in a subsequent [DUI] conviction so long as no imprisonment was actually imposed on the uncounseled diversion. Under these circumstances, the Sixth

Amendment right to counsel does not apply." *Paletta*, 20 Kan. App. 2d at 868.

Three months after our court's *Paletta* decision, the Kansas Supreme Court further validated *Paletta* by adopting the *Nichols* rationale in *State v. Delacruz*, 258 Kan. 129, 135, 899 P.2d 1042 (1995), holding that "an uncounseled misdemeanor conviction that does not result in incarceration may be used in determining a defendant's criminal history under the Kansas Sentencing Guidelines even though it has the effect of enhancing his or her sentence under the guidelines." *Delacruz* specifically overruled *Priest*, which Tims incorrectly argues is still good law and controlling in this case. The *Delacruz* opinion demonstrates our Supreme Court's approval of the *Nichols* rationale. The rationale and conclusion in *Paletta* remains good law, and, in fact, subsequent decisions of our court—including the recent unpublished decisions cited above—are consistent with *Paletta*.

### Diversion Agreement Versus Suspended Prison Sentence

Tims also incorrectly argues that the *Paletta* holding has been overruled by *Shelton* and the Kansas Supreme Court's adoption of *Shelton* in *State v. Youngblood*, 288 Kan. 659, 206 P.3d 518 (2009). *Shelton* addressed whether the Sixth Amendment right to counsel was a prerequisite to imposition of a suspended prison sentence. 535 U.S. at 660. The Court established the Sixth Amendment right to counsel attached when guilt was adjudicated, eligibility for imprisonment was established, and a prison sentence was determined. 535 U.S. at 665. But a suspended sentence, often referred to as probation in Kansas, may constitute a term of imprisonment even though actual incarceration is not immediate or inevitable. " 'A defendant who receives a suspended or probated sentence *to imprisonment* has a constitutional right to counsel.' " 535 U.S. at 674.

In *Youngblood*, the defendant challenged the use of his uncounseled misdemeanor conviction for possession of marijuana to increase the severity of his later conviction for the same crime. Our Supreme Court reviewed *Delacruz* in light of *Shelton* and concluded:

"A person accused of a misdemeanor has a Sixth Amendment right to counsel if the sentence to be imposed upon conviction includes a term of imprisonment, even if the jail time is suspended or conditioned upon a term of probation. The right to counsel arises at the stage of the proceedings where guilt is adjudicated, eligibility for imprisonment is established, and the prison sentence determined." *Youngblood*, 288 Kan. 659, Syl. ¶ 2.

In Youngblood's uncounseled prior conviction, a term of imprisonment was imposed; therefore, his Sixth Amendment right to counsel was violated. Because of this violation in the prior case, the State was prohibited from using that conviction to enhance the severity of the defendant's later conviction. 288 Kan. at 669-70; see also *State v. Long*, 43 Kan. App. 2d 328, 337, 225 P.3d 754 (2010) (defendant's right to counsel attaches when guilt is adjudicated and a sentence of imprisonment is imposed, even though defendant does not serve the sentence).

In contrast, a diversion agreement under Kansas law is an agreement between the defendant and the prosecuting authority entered into before any conviction on the charged offense. *State v. Chamberlain*, 280 Kan. 241, 245, 120 P.3d 319 (2005). As part of the diversion agreement, the defendant agrees to waive certain constitutional rights and abide by certain conditions; however, a diversion agreement may not be conditioned on the defendant entering a plea to the offense charged. If the defendant successfully fulfills the terms of the diversion agreement, the prosecuting authority agrees to dismiss the charge with prejudice. But if the defendant fails to fulfill the terms of the diversion agreement, the diversion agreement is revoked and criminal proceedings are resumed. See K.S.A. 12-4412 *et seq.*; K.S.A. 22-2906 *et seq.*

Tims argues his uncounseled DUI diversion is akin to a suspended sentence or probation as contemplated in *Shelton* and *Youngblood*. He contends the diversion agreement could have resulted in his imprisonment had the agreement been revoked and had he been convicted of a first-time DUI then sentenced to a jail term. Tims' argument, however,

"ignores a crucial distinction between a diversion agreement and a suspended sentence or probation: at the time a defendant enters into a diversion agreement, no adjudication of guilt is entered, eligibility for imprisonment is not established,

and no prison sentence is determined. See *State v. Slick*, No. 95,258, 2006 WL 1976757 (Kan. App. 2006); *State v. Tapedo*, No. 89,883, 2003 WL 22283150, at °1 (Kan. App. 2003), *rev. denied* 277 Kan. 927 (2004) (diversions have no underlying sentence and are thus distinguishable from convictions with conditional or suspended sentences for purposes of right-to-counsel analysis)." *State v. Copenhaver*, No. 107,632, 2013 WL 2395329, at °3 (Kan. App. 2013) (unpublished opinion).

Therefore, notwithstanding the fact that a defendant may ultimately be vulnerable to imprisonment if the diversion is revoked and the defendant is convicted of the underlying DUI offense, the Sixth Amendment right to counsel does not attach during the diversion proceedings.

*Statutory Right to Counsel*

Although there is not a constitutional right to counsel during DUI diversion proceedings, the Kansas statutes governing DUI diversion agreements in both district court and municipal court include language regarding a statutory right to counsel: "[T]he defendant shall be present and shall have the *right to be represented by counsel at the diversion conference* with the district [or city] attorney." (Emphasis added.) K.S.A. 22-2907(3); see K.S.A. 2012 Supp. 12-4414(c). This language notwithstanding, our court has previously stated: "There is no statutory requirement in this state mandating that a defendant have counsel to enter into a misdemeanor diversion agreement." *Paletta*, 20 Kan. App. 2d at 866. Moreover, the panel in *Paletta* further opined: "This statutory provision does not mandate that counsel be provided for a defendant nor void any diversion agreement entered into without counsel." 20 Kan. App. 2d at 866.

We mostly agree with the *Paletta* panel's conclusions as to the nature of this statutory right. First, we agree that a defendant is not required to have counsel in order to enter into a valid diversion agreement as that right may be knowingly and voluntarily waived. K.S.A. 2012 Supp. 22-2909(a); K.S.A. 2012 Supp. 12-4416(a). Second, we agree that this statutory right to counsel does not mandate that counsel be provided because any Kansas statute requiring counsel and requiring the appointment of counsel in case of the defendant's indigence specifically says so. See, *e.g.*, K.S.A. 12-4405

(some municipal cases); K.S.A. 22-2805(b) (material witness in custody); K.S.A. 22-3104(1) (counsel for inquisition witness); K.S.A. 2012 Supp. 22-3428a(2) (annual hearing for committed mentally ill person); K.S.A. 2012 Supp. 22-3716(b) (probation revocation hearing); K.S.A. 22-4503(a) and (b) (felony cases); K.S.A. 2012 Supp. 38-2205 (parents in CINC case); K.S.A. 2012 Supp. 59-29a06(b) (sexual predator commitment proceeding); K.S.A. 59-3063 (proposed ward); K.S.A. 2012 Supp. 65-129c(d)(10) (health official ordered isolation or quarantine); see also Supreme Court Rule 183(i) (2013 Kan. Ct. R. Annot. 278) (right to counsel in K.S.A. 60-1507 proceeding where motion presents substantial question of law or triable issue of fact). Third, we express no view as to whether an uncounseled diversion is void in the absence of a valid waiver but would certainly agree that a diversion agreement is not void where there has been a knowing and voluntary waiver of counsel.

## DOES A VALID WAIVER OF DEFENDANT'S RIGHT TO COUNSEL REQUIRE JUDICIAL CERTIFICATION?

In this case, the district court ruled Tims' prior uncounseled diversion agreement was invalid because there was no indication the municipal court judge fulfilled his or her duty to inform Tims of his rights or that Tims made a knowing and voluntary waiver of those rights. The court relied on *Hughes* and *Gilchrist*, which both address what is required for a proper waiver of counsel before a defendant may be convicted of a misdemeanor in municipal court.

Requirements for a proper waiver include evidence establishing that "the defendant has been *fully advised* and *properly informed* of his or her right to counsel and, second, whether, upon having been fully advised and properly informed, the defendant made a clear determination not to have counsel represent him or her before the court." *Hughes*, 290 Kan. at 169 (citing *Gilchrist*, 238 Kan. at 209). The *Hughes* court concluded that the record must somehow "establish that the judge has satisfied the obligation to insure that the proper information has been communicated so that the defendant may intelligently make that choice." 290 Kan. at 172. Here, the district judge found Tims' prior uncounseled diversion

agreement to be invalid because he found no evidence of any type of judicial certification or that Tims ever waived his right to counsel before a judge during the diversion conference.

However, the diversion conference and the formation of the diversion contract do not involve the adjudication of the defendant's guilt or innocence before the municipal court. Therefore, *Hughes* and *Gilchrist* do not apply or dictate whether some kind of judicial certification is needed to waive a defendant's statutory right to have counsel present during the diversion conference. See *Miller*, 2013 WL 1943153, at *7 (waiver of right to counsel in diversion agreement need not be certified by, or completed before, a judge). Any waiver of this right must simply be done knowingly and voluntarily. The only record provided from Tims' 2002 DUI diversion case is the diversion agreement itself.

The text of the diversion agreement in pertinent part reads:

"This agreement is voluntarily entered into by the above-named defendant and the Office of the City Attorney of Topeka, Kansas . . . .
"The defendant understands he/she has the following rights in this case: The right to a speedy arraignment; the right to a trial to the Court . . . ; the right to be represented at all stages of this case by a lawyer of his/her own choosing or; if without funds with which to hire a lawyer and found by the Court to be indigent, by a court-appointed lawyer. Knowing these rights, the defendant by signing this agreement, knowingly and voluntarily gives up these rights, *including the right to a lawyer if not represented by one in this case.*" (Emphasis added.)

The diversion agreement notes Tims was pro se when he entered into the agreement. There is no signature on the line dedicated to "Attorney for Defendant." The diversion is signed by Tims and by the attorney for the City of Topeka.

Our Supreme Court has held diversion agreements are to be interpreted in accordance with contract principles. *Chamberlain*, 280 Kan. at 245. Our review of a written contract is unlimited. *Stechschulte v. Jennings*, 297 Kan. 2, 14, 298 P.3d 1083 (2013). " 'The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction.' " *Stechschulte*, 297 Kan. at

15 (quoting *Anderson v. Dillard's, Inc.*, 283 Kan. 432, 436, 153 P.3d 550 [2007]).

Tims raises no argument challenging the content of the diversion agreement or the capacity of either party to enter into the agreement. He merely challenges whether the waiver of his right to counsel was valid. The language in the contract specifically states that after knowing the stated rights, including his right to counsel, the defendant "knowingly and voluntarily gives up these rights, including the right to a lawyer if not represented by one in this case." By applying the well-known rules of contracts, we conclude Tims knowingly and voluntarily waived his right to be represented by an attorney during the diversion conference. Moreover, we hold the waiver language also complies with the requirements set forth in *Gilchrist*, 238 Kan. at 212.

## CONCLUSION

In summary, a defendant does not have a Sixth Amendment right to appointed counsel but does have a statutory right to privately retained counsel during DUI diversion proceedings. The diversion conference and the formation of the diversion contract do not involve the adjudication of the defendant's guilt or innocence or any other proceeding before the municipal court; therefore, the requirement set out in *Hughes* and *Gilchrist* that a judge must be sufficiently involved in a defendant's waiver of rights does not apply to the contractual waiver of the defendant's statutory right to counsel in the diversion agreement. Applying the well-known rules of contracts, when the contract unambiguously states a party is knowingly and voluntarily giving up the right to be represented, the court honors the terms of the contract. Tims' 2002 DUI diversion, though uncounseled, was valid and qualifies as a conviction under K.S.A. 2011 Supp. 8-1567(j)(1). Therefore, the district court should have counted the diversion as a past DUI conviction and found Tims' 2012 DUI to be his third conviction, a felony.

The judgment of the district court is reversed, and the case is remanded for resentencing as a felony conviction for a third DUI.